**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Verlean Everett, | Case No. 3:18 CV 2776 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | **ORDER** |
| United States of America, *et al.*, | |
| Defendants. | |

In this *pro se* action, plaintiff Verlean Everett brings claims against the United States of America, J.C. Penney Company ("J.C. Penney"), and the State of Ohio for "pendant cases, religion discrimination, forgery, ERISA pension violation, criminal nagligence [*sic*], and race gender bias." (Doc. 1).

J.C. Penney and the United States have filed motions to dismiss. (Doc. 3, Doc. 9). For the reasons that follow, I grant those unopposed motions. I also dismiss, *sua sponte*, the claims against the State of Ohio.

**Discussion**

**I. *Res Judicata Bars* Everett's Claims Against J.C. Penney**

Everett's complaint first raises claims arising out of her former employment with J.C. Penney. She alleges that J.C. Penney 1) discriminated against her by terminating her after she refused to sign a J.C. Penney policy that she alleges interfered with her religious beliefs, 2) forged her signature on the policy, and 3) committed ERISA violations.

J.C. Penney argues that *res judicata* bars Everett's claims. I agree.

Everett has already filed and lost a lawsuit against J.C. Penney in this district. In that case, she asserted, as she does here, claims for religious discrimination, forgery, and ERISA violations in connection with her prior employment. The Sixth Circuit Court of Appeals affirmed the district court's decision, and the United States Supreme Court denied Everett's petition for a writ of certiorari. *See* Doc. No. 3-1; *Verlean E. Macon v. J.C. Penney Company*, No. 3:12-CV-2826 (N.D. Ohio Apr. 14, 2014) (Helmick, J.), *aff'd*, No. 14-3454 (6th Cir. Dec. 29, 2014), *cert. denied*, No. 14-946, 135 S. Ct. 1844 (Mem) (Apr. 20, 2015).[1] Everett asks me to reverse these decisions. (Doc. 1 at 27).

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Rivet v. Regions Bank*, 522 U.S. 470, 476 (1998). Because Everett already litigated her claims against J.C. Penney, *res judicata* bars her from re-raising those claims here.

I therefore grant J.C. Penney's motion to dismiss.

## II. Everett's Claims Against the United States Fail

Everett's allegations against the United States are unclear. It appears, however, that those allegations relate to how a police officer responded to an automobile accident and subsequent litigation arising out of that accident.[2]

---

[1] Everett filed these cases under her former name, Verlean Macon.

[2] Everett also makes various allegations about her daughter's experience at school, but she does not raise any claims against the school, its staff, or its governing bodies.

I dismiss Everett's claims against the United States for several reasons.

### A. Everett's Allegations About the Police Officer's Conduct
### Fail to State a Claim Upon Which Relief Can Be Granted

First, Everett alleges that a police officer who responded to an accident between her and another driver " spent a lot of time talking to" the other driver and told Everett "that he could not cite anyone because he was not there to see the incident." (Doc. 1 at 19).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Everett does not identify a factual basis for her claim against the United States arising out of the officer's conduct. Indeed, she does not allege that the officer worked for the federal government. Accordingly, these allegations do not support a claim against the United States.

### B. Everett Cannot Relitigate Her Claims
### Arising Out of the Accident

Everett next appears to challenge how two state court magistrates handled a lawsuit arising out of the accident. But, as Everett notes, she already filed a complaint in this court attacking the state-court action, and the Honorable Judge Jack Zouhary dismissed her claims. *See Macon v. Toledo Mun. Court, et al.*, 3:14-CV-2503 (N.D. Ohio Jan. 16, 2015). *Res judicata* bars Everett from relitigating those claims. *See Federated Dep't Stores, Inc.*, *supra*, 452 U.S. at 398; *see also Rivet*, *supra*, 522 U.S. at 476.

Everett is unhappy with Judge Zouhary's ruling and challenges it here. Her challenge, effectively, is an appeal of that ruling.

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]"28 U.S.C. § 1291. District courts do not have such appellate jurisdiction.

Accordingly, I cannot hear Everett's claim against the United States insofar as she asserts that Judge Zouhary wrongly decided her case.

Accordingly, I grant the United States's motion to dismiss.

### III. The State of Ohio Is Immune From Everett's Claims

Everett raises claims against the State of Ohio relating to its Division of Motor Vehicles's alleged refusal to change her last name on her drivers license. She submits that the Division, by refusing to make the change, interfered with her right to vote.

I dismiss Everett's claims against the State *sua sponte* as barred by the Eleventh Amendment. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045-46 (6th Cir. 2015) (explaining courts may dismiss claims barred by the Eleventh Amendment *sua sponte*).

"Under the Eleventh Amendment, a State may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress." *Latham v. Office of Attorney Gen.*, 395 F.3d 261, 270 (6th Cir. 2005). The State's immunity extends to the Division of Motor Vehicles. *See Copeland v. State of Ohio*, 2007 WL 1100442, at *3 (N.D. Ohio) (Gwin, J.).

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Defendant J.C. Penney Company's motion to dismiss (Doc. 3) be, and the same hereby is, granted;

2. Defendant United States of America's motion to dismiss (Doc. 9) be, and the same hereby is, granted; and

3. Plaintiff Verlean Everett's claims against the State of Ohio be, and the same hereby are, dismissed *sua sponte*.

I further certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith and shall not be allowed without prepayment of the requisite filing fee.[3]

So ordered.

/s/James G. Carr
Sr. U.S. District Judge

---

[3] J.C. Penney has asked that I permanently enjoin the plaintiff from filing future lawsuits against it without first obtaining leave of court. I will not issue such sanctions at this time.